UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

MACARENA MCLARDY
    Plaintiff

v.                                              C.A. NO.

MAYFLOWER PLACE NURSING CENTER, INC.
    Defendant

**05  10958 DPW**

RECEIPT # 64150
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED —
BY DPTY. CLK. M.V.
DATE 5/10/05

MAGISTRATE JUDGE JLA

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by **MACARENA MCLARDY** (hereinafter "Plaintiff" or "MCLARDY") against **MAYFLOWER PLACE NURSING CENTER, INC.** (hereinafter "Defendant", "Mayflower", or "Employer") in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices on the basis of gender/sex, race, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., M.G.L. Ch. 151 B, in addition to other federal state and common law claims.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, *inter alia*, pertinent provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

   a. The alleged unlawful practices occurred and/or are continuing to occur within the Commonwealth of Massachusetts, and in this judicial district;

   b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business West Yarmouth, Massachusetts;

   c. Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, at its West Yarmouth, Massachusetts location, but for the Defendant's unlawful employment practices.

4. On or about September 7, 2004 Plaintiff filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination (MCAD) and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her sex/gender and race and that she had been

subject to retaliation. (MCAD #04BEM02608; EEOC #16CA402614) (ATTACHMENT A)

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court; including, but not limited to, requesting and receiving Right To Sue Authorization from the pertinent federal administrative agencies. (ATTACHMENT B)

## THE PARTIES

6. The Plaintiff, Macarena McLardy, a female individual.

7. Plaintiff is a resident of the City of Hyannis, Massachusetts.

8. The Defendant, Mayflower Place Nursing Center Inc., is a corporation, operating pursuant to the laws of the state of Massachusetts and authorized to maintain a facility and operate a principal place of business located at 579 Buck Island, West Yarmouth, Massachusetts 02673.

9. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now employ at least 100 or more employees in the Commonwealth of Massachusetts.

10. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII".)

11. At all times material to the allegations of this Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent provisions of Title VII, and any other statutes pertinent to this action.

12. McLardy is an "individual" covered within the meaning of pertinent provisions defining that term under Title VII, and any other statutes pertinent to this action.

13. At all times material to this action, the Defendant is an "employer" subject to pertinent provisions of M.G.L.A. Ch. 151B. At all times material to this action, Plaintiff was protected under pertinent provisions of M.G.L.A. Ch. 151B.

## FACTS APPLICABLE TO EACH COUNT

14. Plaintiff is a white female.

15. During or about October 2000, Plaintiff was employed by the Defendant in the position of Licensed Practical Nurse.

16. Throughout her tenure of employment with the Defendant, Plaintiff fulfilled her professional duties in a conscientious manner. At no time, prior to the alleged incident resulting in her discharge was Plaintiff ever disciplined in any way involving unsatisfactory patient care or treatment or dereliction of duty.

17. Plaintiff was terminated from her employment on or about June 1, 2004, for alleged misconduct, a pre-textual reason to conceal the employer's unlawful discriminatory motive.

18. The Defendant terminated Plaintiff because she asserted her right to be free from what she reasonably perceived to be unlawful sexual harassment perpetrated by a male co-employee, and because she voiced concerns regarding unlawful employer conduct violating DPH regulations, regarding nurse scheduling (Reg. 150.007, *inter alia*).

19. During or about December 2003, Plaintiff reported to the Defendant that she believed that she was being stalked, harassed, and threatened by a male co-employee.

20. The Defendant's own investigation confirmed that this male employee had engaged in willfully intimidating the Plaintiff, creating a hostile work environment, and that termination would have been reasonable.

21. Plaintiff neither participated in, encouraged, nor welcomed the conduct referenced in paragraph 19 above.

22. The Defendant did not terminate the male employee and alleged perpetrator, but continued to place the Plaintiff in jeopardy by forcing her to work in the same facility with him and continuing to subject her to a hostile work environment.

23. Plaintiff was told by the Defendant that it did not terminate this employee because he was "in a protected class," and because the Employer feared a lawsuit.

24. Rather, the Defendant subsequently terminated Plaintiff, and made a false report about Plaintiff to the Department of Public Health, in retaliation for Plaintiff having complained of workplace sexual harassment, because Plaintiff objected to the Employer's inadequate response to this conduct, and because as a white female, Plaintiff was denied equal treatment in favor of a black foreign-born male.

25. But for the Defendant's intention to discriminate against Plaintiff on the basis of her gender/sex, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been terminated.

26. But for the Defendant's intent to discriminate against Plaintiff on the basis of her gender/sex and race, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been subjected

to discriminatory terms and conditions of employment, in the form of Defendant's decision to terminate her employment.

27. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law.

28. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposely subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender/sex and race and because she sought to assert her rights to be free from unlawful workplace treatment.

29. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## UNLAWFUL TERMINATION
## HOSTILE ENVIRONMENT
## RETALIATION
## M.G.L.A. CH. 151B

30. The allegations contained in Paragraphs 1-29 above are incorporated herein by reference in their entirety.

31. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the M.G.L. A. CH. 151B by:

   a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex and race;

   b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

   c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex and race;

   d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation; and

   e. retaliating against the Plaintiff because she opposed practices forbidden under M.G.L. 151B. (M.G.L. c.151B, §4(4).

32. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex and race,

and because she complained regarding workplace treatment prohibited by state and federal law. Such practices include, but are not limited to, Defendant:

      a.) discharging Plaintiff because of her gender/sex and race;

      b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex and race; and

      c.) forcing Plaintiff to work in a sexually-hostile environment.

33. But for the Defendant's intent to discriminate against Plaintiff because of her gender/sex and race, Defendant would not have discharged Plaintiff, or subjected her to discriminatory terms and conditions of employment, or retaliated against her.

34. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender/sex and race, and because she complained about unlawful workplace treatment. The Defendant's conduct has unlawfully deprived Plaintiff of her employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000e et seq.
## HOSTILE ENVIRONMENT
## TERMINATION
## RETALIATION

35. Paragraphs 1-29 above are incorporated herein by reference in their entirety.

36. The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-29, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of her gender/sex and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e (Title VII), and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden by Title VII (42 U.S.C. §2000e-3(a)).

37. The Defendant's conduct in discharging the Plaintiff, and as otherwise referenced in paragraphs 1-29, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of her gender/sex and race, in violation of Title VII, and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden under Title VII.

38. Defendant willfully engaged in a policy or practice of discriminatory treatment based on gender/sex and race by discharging Plaintiff, in violation of Title VII.

39.     The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Title VII, by:

- a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex and race;

- b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

- c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex and race;

- d.) and retaliating against her because she complained regarding unlawful workplace treatment, and practices forbidden under Title VII; and

- e.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

40.     The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex and race. Such practices including, but are not limited to, Defendants:

- a.) discharging Plaintiff because of her gender/sex and race;

- b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex and race, and because she opposed practices prohibited under Title VII; and

- c.) tolerating a hostile work environment based on gender.

41. But for the Defendant's intent to discriminate against Plaintiff because of her gender/sex and race, or its intent to retaliate against her, Defendants would not have terminated Plaintiff or subjected her to discriminatory terms and conditions of employment.

42. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

43. By its conduct, the Defendant have failed in its affirmative duty under Title VII, by their failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at employees based on their gender/sex and race.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender/sex and race;

b.) an order that the Defendant make whole the Plaintiff with appropriate lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

h.) grant such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Macarena McLardy,
By Her Attorney,

_____
Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

[COMMISSION AGAINST DISCRIMINATION and EEOC]
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Macarena McLardy | 508-771-5617 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3 Franbill Rd. | Hyannis, MA 02601 | 7/17/82 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Mayflower Place Nursing Center, Inc. | 100+ | 508-790-0200 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 579 Buck Island Rd | West Yarmouth, MA 02673 | Barnstable |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[X] RACE  [X] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST — LATEST
Jan. 15, 2004

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

My name is Macarena McLardy. I am a white female. I was employed by Mayflower Place Nursing and Rehabilitation Center, in West Yarmouth, MA. I held the position of LPN. I was terminated on or about June 1, 2004, for alleged misconduct, a pretextual reason to conceal the employer's unlawful discriminatory motive. The employer terminated me because I asserted my right to be free from what I reasonably perceived to be unlawful sexual harassment perpetrated by a male co-employee. During or about December of 2003, I reported to my employer that I believed I was being stalked, harassed, and threatened by this employee. The employer's own investigation confirmed that this individual had engaged in willfully intimidating me, creating a hostile environment, and that termination would have been reasonable. The employer did not terminate this employee, but continued to place me in jeopardy, by forcing me to work in the same facility with him. I was told by the employer that it did not terminate this employee because of his race and national origin (black, Haitian), the fact that he was "in a protected class," and because the Employer feared a lawsuit. Rather, the employer subsequently terminated me, and made a false report about me to the Massachusetts Department of Public Health, in retaliation for my having complained of workplace sexual harassment, because I objected to the employer's inadequate response to this conduct, and because, as a white female, I was denied equal treatment in favor of a black foreign-born male. I believe I was also terminated in retaliation for my having voiced concerns regarding unlawful employer conduct violating DPH regulations, regarding nurse scheduling (Reg. 150.007, *inter alia*). The Massachusetts Department of Labor and Training found that I was not terminated under disqualifying circumstances, and awarded me benefits. The employer's conduct is in violation of Title VII of the Civil Rights Act of 1964, M.G.L. Ch. 151 B, and other state and federal statutes prohibiting discrimination and retaliation in the workplace.

[X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (When necessary for State and Local Requirements)
Brie Fanning

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

[Signature] Macarena McLardy
Charging Party (Signature)

SIGNATURE OF COMPLAINANT
[Signature] Macarena McLardy

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
Brie Fanning 9/2/04

EEOC FORM 5 (Rev. 05/92)

BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

,-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| Macarena Mclardy<br>3 Franbill Road<br>Hyannis, MA 02601 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-02614 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Robert L. Sanders,
Area Office Director

FEB - 9 2005

*(Date Mailed)*

Enclosure(s)

cc: MAYFLOWER PLACE NURSING CENTER, INC
579 Buck Island Road
West Yarmouth, MA 02673

Brie G. Fanning
The Law Office of Stephen Thomas Fanning
305 South Main Street
Providence, Rhode Island 02903

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Macarena McLardy v. Mayflower Place Nursing Center, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   no

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? no
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? no

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES ___ NO ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES ___ NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES NO (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? EASTERN

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen T. Fanning #542343
ADDRESS 305 South Main St., Providence, RI 02903
TELEPHONE NO. 401-272-8250

(Category.frm - 09/92)

05 10958 DPW

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
MACARENA MCLARDY

### DEFENDANTS
MAYFLOWER PLACE NURSING CENTER, INC.

**05 10958 DPW**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Barnstable__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen T. Fanning #542343
305 S. Main Street
Providence, RI 02903
401-272-8250

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
☐ 1 U.S. Government Plaintiff
☒ 2 Federal Question (U.S. Government Not a Party)
☐ 3 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

### IV. CAUSE OF ACTION
Discrimination under Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

### VI. ORIGIN
☒ 1 Original Proceeding

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☐ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
NONE

DATE 5/10/05
SIGNATURE OF ATTORNEY OF RECORD  Stephen T. Fanning #542343