UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

**Macarena McLardy,**
    **Plaintiff**

v.                                       Case No.: 1:05-cv-10958 DPW

**Mayflower Place Nursing Home, Inc.**
    **Defendant**

### PLAINTIFF'S ANSWER TO
### DEFENDANT'S COUNTERCLAIMS

The Plaintiff in the above-captioned action, Macarena McLardy, hereby files this Answer to the Counterclaims of the Defendant, as follows:

### COUNT I

1. Admit.

2. Neither admit nor deny. Plaintiff has no knowledge as to the standing of the Defendant's licensure, and leaves Defendant to its proof.

3. Denied, as written. Further answering, Plaintiff admits that she was working on the shift in question, but leaves the Defendant to its proof as to the extent of her supervisory responsibilities and the extent to which she and other employees shared responsibility for the care of facility residents.

4. Deny.

5. Deny.

6. Plaintiff neither admits nor denies this allegation as stated, in that the allegation seeks her interpretation of the referenced rules and regulations which speak for themselves.

7. Plaintiff neither admits nor denies this allegation as stated, in that the allegation seeks her interpretation of the referenced regulations which speak for themselves. Further answering, Plaintiff leaves Defendant to its proof in so far as this allegation seeks to state a reason for which Plaintiff was hired.

8. Deny.

9. Deny.

10. Deny.

11. Deny, to the extent this paragraph includes allegations suggesting that Plaintiff engaged in misconduct. Further answering, to the extent this paragraph includes allegations regarding certain written documents, the Plaintiff neither admits nor denies, and avers that these documents will speak for themselves.

12. Deny.

## COUNT I (sic)

13. The Plaintiff incorporates by reference in their entirety the responses to paragraphs 1-12, above, as if fully set forth herein.

14. Deny.

15. Admit, only in so far as the Massachusetts DUA had issued a ruling, denying Plaintiff unemployment benefits. Further answering, Plaintiff denies and disputes the findings of the DUA, disputes the allegations upon which those findings were

presumably based, and is pursuing her appeal rights. Further answering, the decision of the DUA has no force or authority as precedent before this court.

16. Deny.

17. Deny.

## COUNT II

18. The Plaintiff incorporates by reference in their entirety her responses to paragraphs 1-17, above, as if fully set forth herein.

19. Deny.

20. Deny.

21. Deny.

## AFFIRMATIVE DEFENSES

**FIRST:** The Complaint fails to state a claim upon which relief may be granted.

**SECOND:** The Complaint is barred by the doctrine of unclean hands.

**THIRD:** The Defendant has suffered no damages, and to the extent it has suffered any damages, said damages were caused by the Defendant's own misconduct, misdeeds, and omissions.

**FOURTH:** The Defendant has filed these Counterclaims in an effort to retaliate and seek reprisals against the Plaintiff for asserting in good faith what she reasonably believes to be violations of her rights under state and federal law.

**FIFTH:** Some or all of the damages claimed by the Plaintiff are not recoverable as a matter of law.

**SIXTH:** The Counterclaims asserted by the Defendant are wholly insubstantial, frivolous, not advanced in good faith, and undertaken with a malicious motive of retaliation, entitling the Plaintiff to fees, costs, expenses, interests, sanctions, and other remedies available under state and federal law.

**SEVENTH:** Plaintiff reserves the right to assert additional affirmative defenses which may arise in discovery or otherwise in the further processing of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this court:

1. deny the relief sought by the Defendant and enter judgment in favor of the Plaintiff on all of Defendant's Counterclaims;

2. determine a just award of damages in favor of the Plaintiff, in an appropriate amount, to include Plaintiff's attorney's fees, costs, interest, and any other relief the court may deem appropriate;

3. deny the Defendant its request for costs and expenses and other remedies under MGL Ch. 231, §6F;

4. award Plaintiff an additional amount as punitive damages, as the court may deem appropriate, for Defendant's conduct in seeking to retaliate against the Plaintiff by filing these baseless Counterclaims, in an effort to intimidate and discourage the Plaintiff from asserting her legally protected rights; and

5. grant such other and further relief as is reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims triable as of right concerning these Counterclaims.

Respectfully Submitted,
For the Plaintiff,
Macarena McLardy,
By Her Attorney,

_/s/ Stephen T. Fanning_
Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-272-8250;  FAX: 401-272-4520

## CERTIFICATION

I hereby certify that, on the date indicated below, I caused a copy of the above to be served by Federal Express, to: Nancy J. Puleo, Esq., of Posternak, Blankstein & Lund, LLP, The Prudential Tower, 800 Boylston Street, 33rd Floor, Boston, MA 02199-8004.

_/s/ Stephen T. Fanning_    Date: 10/11/05