UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

Macarena McLardy,
    Plaintiff,

v.

Mayflower Place Nursing Center, Inc.,
    Defendant.

C.A. No. 05 10958 DPW

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant and subject to the provisions of Rule 16.1 of the Local Rules of the United States District Court for the District of Massachusetts, counsel for both parties have conferred concerning an agenda of matters to be discussed at the scheduling conference (presently scheduled for November 3, 2005) and a proposed pretrial schedule for the case, and hereby submit the following Joint Statement:

1. **Proposed Agenda**

The parties suggest that an appropriate agenda for the scheduling conference would include setting a pretrial schedule and discussing potential ADR options.

2. **Pending Motions**

There are no pending motions.

3. **Summary of Position Asserted by Plaintiff**

The Plaintiff has asserted claims of retaliation, gender and race discrimination. The Plaintiff alleges that, while she was employed by the Defendant, she was terminated for the pretextual reason of misconduct, to conceal the Employer's unlawful discriminatory motive. The Plaintiff alleges that she was terminated on or about June 1, 2004, because she asserted her right

to be free from what she reasonably perceived to be unlawful sexual harassment perpetrated by a male co-employee. During or about December 2003, the Plaintiff reported to her employer that she was being stalked, harassed and threatened by this employee. This Employer's own investigation confirmed that this individual had engaged in willfully intimidating the Plaintiff, creating a hostile work environment, and that termination of this employee would have been reasonable. The Employer did not terminate this alleged perpetrator, but continued to place the Plaintiff in jeopardy, by forcing her to work in the same facility as the alleged perpetrator. Plaintiff was told by the employer that it did not terminate the alleged perpetrator because of his race and national origin (black, Haitian), the fact that he was in a "protected class," and because the Employer feared a lawsuit. Rather, the Defendant terminated the Plaintiff, for the pretextual reason of having abandoned her work station, in retaliation for her having complained of workplace sexual harassment, because she objected to the employer's inappropriate response to this misconduct, and because, as a Caucasian female, she was denied the equal treatment in favor of a foreign-born male. It is Plaintiff's position that she never engaged in the misconduct alleged, and that at all times, she performed her work duties in a conscientious and satisfactory manner. Plaintiff is alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000et seq. and M.G.L. Ch. 151B.

4.     **Summary of Position Asserted by Defendant**

The defendant asserts that the plaintiff's claims of gender and race discrimination and retaliation are groundless and utterly lacking merit. Mayflower Place Nursing Center ("Mayflower") is a nursing home located in West Yarmouth, Massachusetts. The defendant contends that the plaintiff's employment was terminated because she abandoned 39 elderly and sick patients for approximately four (4) hours during the overnight shift on May 21-22, 2004.

Mayflower is aware of witnesses who observed the plaintiff leave the facility and sit in the parking lot in a parked car with an unknown male visitor for approximately four (4) hours when she should have been caring for these nursing home residents. The plaintiff was the supervising nurse on her unit on the overnight shift on May 21-22, 2004 and her actions resulted in Mayflower's residents being left without a nurse. Further, Mayflower contends that any complaint of harassment that the plaintiff alleged against a male-coworker was immediately investigated and that the alleged harasser never worked in Mayflower's facility following the complaint. By way of its counterclaims, Mayflower alleges that the Plaintiff's claims constitute an abuse of process and malicious prosecution in light of the above.

5. **Proposed Pre-Trial Schedule**

(a)     Certifications Pursuant to Local Rule 16.1(D)(3) shall be filed no later than October 27, 2005.

(b)     Initial Disclosures pursuant to Local Rule 26.2 (A) shall be filed no later than November 17, 2005.

(c)     Naming Additional Parties, Amending Pleadings: These requests shall be filed by March 1, 2006.

(d)     Fact Discovery: All fact discovery shall be completed on or before May 15, 2006.

(e)     Expert Witness Disclosures: Plaintiff's expert disclosures shall be made on or before June 15, 2006, and defendant's disclosures within 30 days after plaintiff's are complete.

(f)     Expert Discovery: If any, it shall be completed following fact discovery and expert disclosures, by July 14, 2006.

(g)     Summary Judgment Motions: Any such motions shall be filed on or before August 1, 2006. Oppositions shall be due August 15, 2006. Any reply to opposition shall be due on or before August 30, 2006.

(h)     Final Pretrial Conference: September 29, 2006 or as scheduled by the Court.

(i)     Trial date: October 30, 2006 or as scheduled by the Court.

6.     **Trial by Magistrate Judge**

The Defendant does not consent to trial by Magistrate Judge. The defendant expressly requests trial by jury. Plaintiff consents to trial by Magistrate Judge. The parties jointly estimate that the trial will require three to five days.

7.     **Rule 16.1(c) Settlement Proposals**

No settlement proposals are pending at this time.

| | |
|---|---|
| MACARENA MCLARDY<br>By her attorney,<br><br>*/s/ Stephen T. Fanning/sjf/*<br>Stephen T. Fanning, Esq., BBO# 542343<br>305 South Main Street<br>Providence, RI 02903<br>401.272.8250 | MAYFLOWER PLACE NURSING CENTER, INC.,<br>By its attorneys,<br><br>*/s/ Nancy J. Puleo/*<br>Valerie C. Samuels, Esq., BBO # 548539<br>Nancy J. Puleo, Esq., BBO #648457<br>Posternak Blankstein & Lund, LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199<br>617.973.6100 |