UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACARENA MCLARDY,<br>    PLAINTIFF,<br><br>v.<br><br>MAYFLOWER PLACE NURSING<br>CENTER, INC.,<br>    DEFENDANT. | C.A. No. 05 10958 DPW |

### DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S AUTOMATIC DISCLOSURES REQUIRED BY FED. R. CIV. P. 26.2 (A) AND REQUEST FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37, the defendant, Mayflower Place Nursing Center, Inc. ("Mayflower"), hereby moves for this Court to issue an order compelling the plaintiff, Macarena McLardy ("Plaintiff"), to file and serve her automatic disclosures as required by Fed. R. Civ. P. 26.2(A). As grounds for this motion, Mayflower submits the following.

1. On October 10, 2005, this Court issued a "Notice of Scheduling Conference," which gave the parties notice of an initial Scheduling Conference to be held on November 3, 2005 at 2:30 p.m. The conference was held as scheduled.

2. The "Notice of Scheduling Conference" specifically states "[b]y no later than 2 weeks after the conference, the parties shall comply with Local Rule 26.2(A) with respect to automatic disclosure." Pursuant to the Court's notice, the parties' disclosures pursuant to Rule 26.2(A) were due on or before November 17, 2005.

3. To date, Plaintiff has not filed her automatic disclosures pursuant to Rule 26.2(A), in direct violation of the rules and orders of this Court.

4. Under the Court's scheduling order, the parties are afforded a relatively narrow window of time to conduct and complete all discovery. Discovery must be completed by March 1, 2006. As such, any continued delay by Plaintiff to make her automatic disclosures puts Mayflower at a disadvantage in conducting its own discovery necessary to its defense of Plaintiff's claims and prosecution of its counterclaims.

5. Filed herewith is certification from Mayflower's counsel regarding the defendant's attempts to confer with Plaintiff's counsel regarding Plaintiff's overdue disclosures without the need for filing the instant motion. See Exhibit A. As detailed in the attached certification, Mayflower's attempt to resolve this dispute without motion practice were ignored by Plaintiff's counsel.

5. Plaintiff's willful disregard of the rules and the Court's scheduling and discovery orders renders sanctions particularly appropriate. Accordingly, Mayflower requests that this Court enter an order awarding Mayflower its attorneys' fees and costs incurred in preparing and filing the instant motion; and in the event that Plaintiff fails to serve and file her Rule 26.2(A) disclosures within five (5) days of this Court's allowance of this motion, that Plaintiff be precluded from offering evidence, in any motion, hearing or trial, consisting of any witness or information which was not so disclosed.

WHEREFORE, Mayflower requests that this Court issue an order compelling Plaintiff to serve and file her disclosures pursuant to Fed. R. Civ. P. 26.2(A); awarding Mayflower its attorneys' fees and costs incurred in connection with the instant motion, and providing that in the event Plaintiff fails to serve her Rule 26.2(A) disclosures within five (5) days of this Court's order compelling the same, Plaintiff is precluded from offering evidence, in any motion, hearing or trial, consisting of any witness or information which was not so disclosed.

MAYFLOWER PLACE NURSING
CENTER, INC.,

By their attorneys,

_____
Valerie C. Samuels, BBO #548539
Nancy J. Puleo, BBO #648457
Posternak Blankstein & Lund LLP
The Prudential Tower
800 Boylston Street, 33rd Floor
Boston, MA  02199-8004
(617) 973-6100

Dated: November 23, 2005

### CERTIFICATE OF SERVICE

I, Nancy J. Puleo, Esquire of Posternak Blankstein & Lund LLP, hereby certify that on this 23 day of November, 2005 I caused a copy of the above to be served by electronic means and first-class mail to Stephen Thomas Fanning, Esquire, 305 South Main Street, Providence, Rhode Island 02903.

_____
Nancy J. Puleo

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACARENA MCLARDY,<br>    PLAINTIFF,<br><br>v.<br><br>MAYFLOWER PLACE NURSING<br>CENTER, INC.,<br>    DEFENDANT. | C.A. No. 05 10958 DPW |

### CERTIFICATION OF NANCY J. PULEO, ESQ. PURSUANT TO FED. R. CIV. P. 37(a)(2)(A)

I, Nancy J. Puleo, Esq., state the following based upon my own personal knowledge:

1.   I am an attorney in good standing in the Commonwealth of Massachusetts and admitted to practice before this Court. I am one of the attorneys representing Mayflower Place Nursing Center, Inc., in the above-entitled action.

2.   On November 18, 2005, I sent a letter via facsimile and regular mail to Plaintiff's counsel, Stephen T. Fanning, Esq., alerting him to the fact that the Plaintiff had not made her automatic disclosures on November 17, 2005, as required by this Court's scheduling notice and Fed. R. Civ. P. 26.2(A). I requested that the Plaintiff file and serve her Rule 26.2(A) disclosures no later than November 21, 2005. To date, I have received neither a response from Attorney Fanning nor Plaintiff's required disclosures.

3.   The continued failure of the Plaintiff to file and serve her Rule 26.2(A) disclosures will prejudice the defendant in this action given the limited discovery period in this case.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23 DAY OF NOVEMBER, 2005**

_/s/ Nancy J. Puleo_
Nancy J. Puleo, Esq.