UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 DEC -5  P 2: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

Macarena McLardy,
    Plaintiff,

v.

Mayflower Place Nursing Center, Inc.,
    Defendant.

C.A. No. 05 10958 DPW

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION AND OPPOSITON TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S AUTOMATIC DISCLOSURES REQUIRED BY FED. R. CIV. P. 26.2 (A) AND REQUEST FOR SANCTIONS**

Plaintiff's Memorandum in Support of her Objection and Opposition to Defendant's Motion to Compel Plaintiff's Automatic Disclosures required by Fed. Rule Civ. P. 26.2 (A) and Request for Sanctions.

For the reasons set forth herein, it is respectfully requested that the Defendant's Motion be DENIED.

**As an initial matter, as of the date of this response, Plaintiff has fully complied with all of her disclosure obligations, pursuant to FRCP 26.**

Plaintiff disputes that Defendant made a "good-faith" effort to confer with counsel to the Plaintiff in order to resolve any issue regarding these disclosures, and in order to avoid the necessity for court intervention. Defendant asserts that Plaintiff's automatic disclosures were due on or about November 17, 2005. On November 18, 2005, within one day of the ostensible due date, Defendant contends that it sent a letter to Plaintiff's counsel indicating that the initial disclosures had not been received. Defendant took no other action to initiate any contact

2

between the parties to discuss this issue and, within five days, filed the instant motion to compel, including its request for sanctions. The unusual rapidity with which the Defendant took action reflects more an incentive to seek sanctions and to gain litigation leverage, rather than a good faith attempt to accomplish a prompt remediation of any legitimate concerns the Defendant might have regarding disclosures.

Defendant's suggestion that it might be somehow unfairly prejudiced by any brief delay in the Plaintiff's initial disclosures is ludicrous. The facts of this case, including pertinent witnesses and documents, are well-known to the Parties, in light of the fact that the case has been litigated through various stages at the MCAD/EEOC and the Massachusetts Department of Employment and Training, prior to the filing of the instant Complaint.

Plaintiff has now fully complied with her initial disclosure obligations. Said disclosures were briefly delayed due to an illness on behalf of Plaintiff's counsel, which impacted on the copying of the substantial documentation disclosed and other ministerial tasks. Plaintiff respectfully urges that the Defendant's near instantaneous motion, seeking an Order of this Court, sanctions and costs, was not undertaken in the spirit of good faith cooperation contemplated by the applicable rules; but indeed had the opposite effect intended by the rules, rendering good faith discussion of these matters futile. The applicable rules contemplate at least some measure of "good faith," no element of which was demonstrated by the Defendant.

For all of the above reasons, it is respectfully urged that Defendant's Motion be DENIED in its entirety, including its request for an order of attorney's fees and costs.

**REQUEST FOR HEARING**

The Plaintiff respectfully requests a hearing on this matter as the Court deems appropriate.

Respectfully Submitted,
MACARENA MCLARDY
By her attorney,

_____
Stephen T. Fanning, Esq., BBO# 542343
305 South Main Street
Providence, RI 02903
401.272.8250

Certification

I hereby certify that a true and correct copy of the above was served on counsel for the Defendant: Valerie C. Samuels, Esq. and Nancy J. Puleo, Esq. of Posternak Blankstein & Lund, LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199- 617.973.6100 by federal express, on December 5, 2005.

_____